UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATALANTA CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON COLD STORAGE LLC, et al.,<br><br>　　　　　　Defendants. | CASE NO. C22-5355JLR<br><br>ORDER |

　　　　Before the court is Plaintiff Atlanta Corporation's ("Atlanta") complaint. (Compl. (Dkt. # 1).) Having reviewed the complaint, the court finds that Atlanta has failed to allege an adequate basis for subject matter jurisdiction. The court therefore orders Atlanta within seven (7) days of the date of this order, to serve and file a submission that includes information sufficient to establish the court's jurisdiction.

　　　　Atlanta asserts that the court's jurisdiction is based on diversity of citizenship. (Compl. at 2.) For purposes of assessing diversity jurisdiction, the court must consider

ORDER - 1

the domicile of all members of a limited liability company ("LLC").  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the compliant must identify the citizenship of the parties, and, if any of the parties is a [LLC] . . . identify the citizenship of the . . . members of those entities to establish the court's jurisdiction.").  Atlanta alleges that it is a citizen of Delaware and New Jersey for the purpose of diversity jurisdiction because it is incorporated in Delaware and has its principal place of business in Elizabeth, New Jersey.  (Compl. at 1-2.)  It then alleges that Defendant Washington Cold Storage LLC ("Washington Cold Storage")[1] has "its principal place of business in Puyallup, Washington."  (Compl. at 1-2.)  Yet, Atlanta fails to allege the citizenship of any of the members of Washington Cold Storage.  (*See generally id.*)  Absent such allegations, the court cannot determine if Atlanta has properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship.[2]

Accordingly, the court ORDERS Atlanta to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  If Atlanta fails to provide the court

---

[1] Defendant Washington Cold Storage, Inc. is allegedly no longer a corporation and now operates as Washington Cold Storage.  (Compl. at 1-2.)

[2] The court notes that if any member of Washington Cold Storage is itself a LLC, Atlanta must provide information about the citizenship of the members of that LLC as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member.  *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies).  This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.

1 | with the information described above within seven (7) days of the date of this order, the
2 | court will dismiss this case.
3 |     Dated this 23rd day of May, 2022.

 

JAMES L. ROBART
United States District Judge

ORDER - 3